Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYSHAREE GLOVER,<br><br>Plaintiff,<br><br>v.<br><br>CG PORTOFINO HOMES GP, LLC; NATIONAL CREDIT SYSTEMS, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting; for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and for negligence. //

## II. JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3) Plaintiff TYSHAREE GLOVER is a natural person residing in the State of California, County of Los Angeles.

4) Defendant CG PORTOFINO HOMES GP, LLC ("PORTOFINO HOMES") at all times relevant was company doing business in Los Angeles County, California operating from an address at 655 Montgomery Street, Suite 1700, Los Angeles, CA 9411.

5) Defendant NATIONAL CREDIT SYSTEMS, INC. ("NCS") at all times relevant is a company in the business of collecting debts in Los Angeles County, California operating from an address at 1775 The Exchange SE, Suite 300, Atlanta, GA 30339. NCS is regularly engaged in the collection of debts from consumers using the mail and telephone. NCS regularly attempts to collect consumer debts alleged to be due. NCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). NCS is also a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.

6) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in Los Angeles County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626. EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

7) Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in Los Angeles County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

8) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

9) Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

10) The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV.  FACTUAL ALLEGATIONS

11) Plaintiff previously was a tenant at a property called Portofino Townhomes located in Wilmington, CA and owned by Defendant PORTOFINO HOMES.

12) After Plaintiff's tenancy, PORTOFINO HOMES sent written correspondence to Plaintiff regarding an alleged remaining balance owed of $787.89 (the "Account").

13) On or about July 10, 2025, Plaintiff paid in full the remaining balance alleged to be due to PORTOFINO HOMES.  Plaintiff received a receipt from PORTOFINO HOMES

confirming the balance had been paid in full and PORTOFINO HOMES' payment portal further reflected a $0 balance.

14) Despite nothing further being owed by Plaintiff to PORTOFINO HOMES, PORTOFINO HOMES inexplicably assigned the Account with an inaccurate balance to its agent and debt collector, NCS, for further collection and credit reporting.

15) NCS sent multiple demand letters to Plaintiff to pay the Account for an amount that was no longer owed.

16) Experian and Equifax (the "CRAs") also erroneously reported the Account to Plaintiff's credit file.

17) NCS reported the Account to Plaintiff's credit file. Plaintiff's credit file showed the Account as a collection account with a past due balance of $787.

18) The information NCS reported to the CRAs was false as Plaintiff had paid off the alleged remaining balance on the Account on July 10, 2025 and the Account no longer had a balance owed nor should it have been in collection.

19) Plaintiff disputed the false information with PORTOFINO HOMES, NCS, and the CRAs in writing as she did not owe on the Account. The CRAs further notified NCS of the disputes.

20) PORTOFINO HOMES, NCS, and the CRAs failed to conduct reasonable investigations into the disputes alleged by Plaintiff and continued to report the Account on her credit file.

21) The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

22) The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

23) Despite Plaintiff's imploring PORTOFINO HOMES and NCS to cease collection, PORTOFINO HOMES and NCS continued its collection and credit reporting efforts, irrespective of its own internal mistakes.

24) As a result of Defendants' conduct, Plaintiff's credit worthiness has been

damaged significantly.

25) Plaintiff suffered emotional distress, worry, and frustration. Plaintiff further spent a significant amount of time and energy in disputing and attempting to resolve the issues with the Defendants.

## V. FIRST CLAIM FOR RELIEF

### (Against Defendants NCS, EXPERIAN, EQUIFAX, and DOES 1-5

### for Violations of the FCRA)

26) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

27) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

28) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to NCS; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

29) NCS violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to CRAs.

30) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

31) The Defendants' unlawful conduct was willful.

32) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

33) Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

//

## VI.  SECOND CLAIM FOR RELIEF

### (Against Defendants NCS, EXPERIAN, EQUIFAX, and DOES 1-5
### for Violation of the CCRAA)

34) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

35) Defendants violated the CCRAA, by including but not limited to, the following:

    (a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

    (b) The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

    (c) NCS violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that Citibank knew or should have known was incomplete or inaccurate.

36) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

38) Defendants' violations were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

## VII.  THIRD CLAIM FOR RELIEF

### (Against Defendants NCS and DOES 6-10 for Violation of the FDCPA)

39) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

40) Defendants violated the FDCPA, Defendants violations include, but are not limited to, the following:

    (a)    NCS violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (b)    NCS violated 15 U.S.C. §1692e(2)(A) by giving the false impression of the character, amount, or legal status of the alleged debt;

    (c)    NCS violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

    (d)    NCS violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (e)    NCS violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

    (f)    NCS violated 15 U.S.C. §1692f(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

41) As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VIII.  FOURTH CLAIM FOR RELIEF

**(Against Defendants PORTOFINO HOMES, NCS, and DOES 1-10 for Negligence)**

42) Plaintiff repeats, realleges, and incorporates by reference all the foregoing paragraphs.

43) The foregoing acts and omissions created a duty between Plaintiff and Defendants.

44) Defendants failed to act in a reasonably prudent manner as evidenced by

Defendants' negligent actions detailed above.

45) As a result of this failure, Plaintiff was harmed.

46) The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

47) As a result of this common law tort, Plaintiff is entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Costs and reasonable attorneys' fees; and

(e) For such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiff additionally requests that judgment be entered against Defendants NCS, EXPERIAN, EQUIFAX, and DOES 1-10 for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) For such other and further relief as the Court may deem just and proper.

Date: December 23, 2025       /s/Cory M. Teed_____
                              Cory M. Teed
                              Attorney for Plaintiff

//
//
//

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: December 23, 2025           /s/Cory M. Teed_____
                                  Cory M. Teed
                                  Attorney for Plaintiff